IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Rip Technologies LLC**<br><br>　　　　　**Plaintiff,**<br>v.<br><br>**The Partnerships Identified on Schedule A**<br><br>　　　　　**Defendants.** | CIVIL ACTION NO. 1:25-cv-12782<br><br>Honorable Robert W. Gettleman |

### DEFENDANTS' MOTION TO DISSOLVE
### THE TEMPORARY RESTRAINING ORDER

Defendants UPWOIGH (Def. No. 12), KeChaoXinXi (Def. No. 13), Feng Tu Technology (Def. No. 14), RongFengHome (Def. No. 15), and HesenDot (Def. No. 16) (collectively, "**Defendants**" or the "**Moving Defendants**"), by and through their undersigned counsel, hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 65(b)(4), to dissolve the *ex parte* Temporary Restraining Order ("**TRO**"), and permit Defendants to seek compensation from the bond posted by Plaintiff Rip Technologies LLC ("**Plaintiff**"), because Plaintiff is unlikely to win on the merits of its claims against the Moving Defendants, as further explained below. In support thereof, Defendants states as follows:

### BACKGROUND

On October 21, 2025, Plaintiff filed the Complaint (the "**Complaint**") against the defendants identified in Schedule A, alleging trademark infringement and counterfeiting, false designation of origin, passing off & unfair competition, violation of Illinois Uniform Deceptive Trade Practices Act, and copyright infringement. [Dkt. 1, 2].

Notably, Plaintiff asserts only copyright infringement of HAH-01 (U.S. Reg. No. VA0002436106) (the "**Asserted Registration**") against each of the Moving Defendants. *See* Exhibits 1 – 6.

On November 14, 2025, Plaintiff filed an *Ex Parte* motion for a temporary restraining order, which was granted on November 19, 2025. [Dkt. 17, 18, 19, 23, 24]. As a result, Defendants' accused Amazon product listings were deactivated, and all the sales proceeds have been restrained in their Amazon accounts since then.

On November 26, 2025, Plaintiff filed a motion for extension of time for the Temporary Restraining Order, which was granted on the same day. [Dkt. 28, 30].

## ARGUMENTS

I. **Legal Standards**

1. **Temporary Restraining Order**

The standards for granting a temporary restraining order ("**TRO**") and a preliminary injunction are the same. *Chicago Tchrs. Union v. DeVos*, 468 F. Supp. 3d 974, 982 (N.D. Ill. 2020). Courts in this district also consider the same factors for dissolving a preliminary injunction as those applied when granting or denying one in the first place. *Innovation Indus., LLC v. Partnerships Identified on Schedule A*, No. 25 C 3157, 2025 WL 2996794, at *1 (N.D. Ill. Oct. 24, 2025).

To obtain a TRO, a plaintiff must satisfy the required injunction factors and demonstrate: (1) a likelihood of success on the merits; (2) that it has no adequate remedy at law; and (3) that it will suffer irreparable harm if the relief is not granted. *See GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019); *See also Eicher Motors Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule "A,"* 794 F. Supp. 3d 543, 548–49 (N.D. Ill.

2025). If the plaintiff fails to meet any of these threshold requirements, the court "**must deny the injunction**." *GEFT Outdoors, LLC*, 922 F.3d at 364 (7th Cir. 2019) (emphasis added).

However, if the plaintiff passes that threshold, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Id.* The Seventh Circuit "employs a sliding scale approach" for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor. *Id.*

    **2.    Copyright Validity**

"A certificate of registration from the U.S. Register of Copyrights constitutes prima facie evidence of the validity of a copyright." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (citing 17 U.S.C. § 410(c)). However, "this is simply a rebuttable presumption." *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995); *see, e.g.*, *Est. of Noble v. Bollin*, No. 4:23-CV-716, 2024 U.S. Dist. LEXIS 128585, at *7-10 (E.D. Tex. July 22, 2024) (denying preliminary injunction after finding that the presumption of validity has been rebutted).

Indeed, "the Copyright Office's practice of summarily issuing registrations . . . counsels against placing too much weight on registrations as proof of a valid copyright." *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010) (citing *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 196 F. App'x 166, 170 (4th Cir. 2006) (affirming the district court's denial of preliminary injunction based on the "finding that [the plaintiff] was not able to demonstrate it had valid copyrights")); 3 Nimmer on Copyright § 12.11 (2024) ("Once the Register of Copyrights has issued a certificate, although certain prima facie

presumptions are thereby created, the courts are free to examine the underlying facts and to rebut those presumptions, should the facts so warrant.").

II.     **Analysis**

1.      **The Asserted Registration HAH-01 Is Not Copyrightable.**

As a constitutional and statutory matter, "[t]he *sine qua non* of copyright is originality." *Feist Publications, Inc. v. Rural Tel. Serv. Co*, 499 U.S. 340, 345 (1991); *see* 17 U.S.C. § 102. Originality in this context "means only that the work was independently created by the author ... and that it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc.*, 499 U.S. at 345.

Federal courts have historically applied a generous standard of originality in evaluating photographic works for copyright protection. *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 519 (7th Cir. 2009). "Photographs may be protected under copyright law based on the expression of the artist's originality, such as his choice of composition, lighting, shading, camera angle, background, perspective, selection of film and camera, and the expression elicited from the subjects." *Bryant v. Gordon*, 483 F. Supp. 2d 605, 614–15 (N.D. Ill. 2007). Often, a photo's originality lies not in the subject matter itself, but "in the rendition of the subject matter--that is, the effect created by the combination of the photographer's choices of perspective, angle, lighting, shading, focus, lens, and so on." *Schrock*, 586 F.3d at 519.

Here, the Asserted Registration for HAH-01 fails the requirement of minimum originality or creativity. The registration consists of product photos coupled with technical specifications, and is a mere technical transcription of a utilitarian article—a photo frame—and its features. This photograph lacks the "spark of creativity" required for copyright protection, because it contains no subjective choices such as lighting, angle, composition or staging, which courts typically rely on

to find originality in photography. *Feist Publ'ns, Inc.*, 499 U.S. at 345 - 346 (requiring a "modicum of creativity").



Further, there can be no copyright in facts. *Feist Publications, Inc.*, 499 U.S. at 356. "[A]ll facts-scientific, historical, biographical, and news of the day ... may not be copyrighted and are part of the public domain available to every person." *Feist Publications, Inc.*, 499 U.S. at 348. In case of compilation of facts, copyright protects only the elements that owe their origin to the compiler—the selection, coordination, and arrangement of fact. *Feist Publications, Inc.*, 499 U.S. at 359.

Here, the Asserted Registration consists of facts or unprotectable elements in the public domain. For example, the photo frame itself in the Asserted Registration is in the public domain, as evidenced, e.g., by the fact that Plaintiff does not claim ownership or exclusive rights in the photo frame in the Complaint, and this type of photo frame has been widely sold online, e.g., by the Schedule A defendants in the instant case. Therefore, the exact image of the photo frame in HAH-01 is not copyright protectable. *See*, *e.g.*, *Schrock*, 586 F.3d at 519 (stating that photographs that are simply "slavish copies" of the underlying products are unoriginal).

"Natural Wood Grain," "Easy-To-Use Turnbuttons," and "Hanging Hardware," accompanied by the small images on the left, are all unprotectable, descriptive facts about the utilitarian nature of the product. Similarly, the technical dimensions (0.7" and 0.45") are also unprotectable facts.

Therefore, on the whole, the Asserted Registration itself constitutes unprotectable facts or elements in the public domain.

2. **Even If HAH-01 Contains Originality, the Asserted Registration Should Not Be Protected from Infringement under the Doctrine of Scènes à Faire.**

Standard elements in a genre—called scènes à fair in copyright law—get no copyright protection. *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 889 (7th Cir. 2021). "[A] copyright owner can't prove infringement by pointing to features of his work that are found in the defendant's work as well but that are so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish one work within a class of works from another. *Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 929 (7th Cir. 2003). If standard elements received copyright protection, then the creation of a single work in a genre would prevent others from contributing to that genre because the copyright owner would have exclusive rights in all of the genre's basic elements. *Design Basics, LLC*, 994 F.3d at 889.

A side-by-side comparison of the Asserted Registration with the accused products of each Moving Defendant easily illustrates that HAH-01's features found in Defendants' product listings are so rudimentary, commonplace, standard, or unavoidable, warranting no copyright protection at all.





For example, the back images of the photo frame in the Asserted Registration and the accused listings appear to be the same "slavish copies" of the underlying product, the color of the frame back being the only perceptible difference. Both listings contain close-up shots of the frame's edge, taken from opposite angles and in different wood shades, listed next to the frame back, to show varying frame widths and dimensions. Small images of and both appeared, though in different colors and shades, with the adjacent textual descriptions of function. All these common features are so rudimentary, commonplace, standard or unavoidable in a commercial

product listing; they appear for information purposes to describe the products and its features and function, but do not serve to distinguish one work within a class of works from another. *Bucklew*, 329 F.3d at 929. These standard familiar arrangements, dictated by the utilitarian functionality of the photo frame, bring the product listings (both Plaintiff's HAH-01 and Defendant's listing images) under the doctrine of scènes à faire. *See Design Basics, LLC*, 994 F.3d at 889 (holding that **the familiar arrangements, dictated by functionality**, brings the particular type of architectural work within the scènes à faire doctrine) (emphasis added).

   3.  **The Asserted Registration Should Not Receive Copyright Protection Under the Merger Doctrine.**

Merger doctrine prevents the use of copyright to protect an idea or procedure. If an idea or procedure can be expressed in only a few ways, it is easy to copyright every form in which the idea can be expressed, indirectly protecting the idea itself. *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 889 (7th Cir. 2021). To guard against this kind of overprotection, when an idea can be expressed in only limited ways, courts say that the expression "merges" into the idea and cannot receive copyright protection. *Id*. For example, the forms used to implement a particular method of accounting are an expression of the accounting method and cannot be copyrighted. *Baker v. Selden*, 101 U.S. 99, 25 L.Ed. 841 (1879). The same is true for the rules of a sweepstakes competition: because there are a limited number of ways to explain the rules, the expression of the rules receives little, if any, copyright protection. *Morrissey v. Procter & Gamble Co.*, 379 F.2d 675, 678–79 (1st Cir. 1967).

In the instant case, there are a very limited number of ways to display a photo frame, including its back, width, wood material and other features. Copyrighting these standard but limited ways to describe a photo frame would leave little, if not zero, alternative room for competing sellers in the photo frame market to present their products. Plaintiff's copyright in

HAH-01 is thin at its best (if not non-existent), and this type of claim may move forward only if Plaintiff's Asserted Registration and the allegedly infringing product listings are virtually identical, which is not the case here (for example, Defendants' accused product listing images contain a lot more textual descriptions, and the close-up shots of the frame's edge are taken at opposite angles). *See Design Basics, LLC*, 994 F.3d at 883 (finding that copyright in floor plans is thin, and a claim for copyright infringement may move forward only if the plaintiff's copyrighted design and the allegedly infringing design are virtually identical).

> 4. **Plaintiff Is Unable to Demonstrate Wrongful Copying, Which Is Required for a Successful Copyright Infringement Claim**

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc.*, 499 U.S. at 361.

The second prong—defendants copied elements of the image that are original—itself consists of two sub-parts. *Innovation Indus., LLC v. Partnerships Identified on Schedule A*, No. 25 C 3157, 2025 WL 2996794, at *2 (N.D. Ill. Oct. 24, 2025) (citing *Design Basics*, 994 F.3d at 887). The first is "whether, as a factual matter, the defendant copied the plaintiff's protected work (as opposed to independently creating a similar work)." *Id.* This is referred to as "actual copying[1]." *Id.* The second part addresses "whether the copying went so far as to constitute an improper appropriation." *Id.* This is sometimes referred to as "wrongful copying." *Id.*

Wrongful copying is similar to actual copying in that it depends on the similarity between the two works. *Design Basics, LLC*, 994 F.3d at 888; *see also Innovation Indus., LLC*, 2025 WL 2996794, at *3. But unlike the "probative similarity" inquiry undertaken for actual copying, the

---

[1] The inquiry for actual copying may rely on discovery, and is not discussed here at the very early stage of the case.

"substantial similarity" inquiry for wrongful copying considers only the **protected elements** in the plaintiff's work, comparing them to the accused work. *Id.* The Seventh Circuit uses the "ordinary observer" test for wrongful copying: " '[W]hether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's **protect[a]ble expression** by taking material of substance and value.' " *Id*. (quoting *Wildlife Express*, 18 F.3d at 508–09) (emphasis added).

In sum, the inquiry for wrongful copying depends on which aspects of the copyrighted work are protectable, and whether the appropriated elements contain protectable expression.

Here, as discussed above in connection with the Asserted Registration's copyright validity, HAH-01 contains no protectable elements, because it fails the requirement of minimum originality, and consists of mere facts or unprotectable elements in the public domain, without adding any "spark of creativity" such as lighting, angle, composition or staging, which courts typically rely on to find originality in photography. *Feist Publ'ns, Inc*., 499 U.S. at 345 - 346.

Even assuming the Asserted Registration contain protectable aspects, **the "appropriated" common elements** that exist in Defendants' allegedly infringing listings **are not protectable either**, such as the back images of the photo frame, close-up shots of the frame's edge, and placing textual descriptions next to small images of and (emphasis added).

In other words, no matter whether Defendants actually copied the Asserted Registration, Defendants did not wrongfully copy any protectable elements; therefore, Plaintiff's copyright infringement claim ultimately fails.

## **CONCLUSION**

For the foregoing reasons, the Moving Defendants respectfully request that this Court dissolve the *ex parte* TRO, and permit Defendants to seek compensation from the bond posted by Plaintiff.

Dated: December 7, 2025

        Respectfully submitted

        */s/Haipeng Xiao*
        Haipeng Xiao
        ISREAL IP LEGAL INC. LIMITED
        New York Bar No. 5659487
        STE 1601, 16/F., AXA Tower, Landmark East,
        100 How Ming Street, Kwun Tong, Kowloon
        Hong Kong, 999077
        Email: henryxiao@isrealip.legal
        Phone: 314 668 0120

        ***Attorney for Defendants UPWOIGH (Def. No. 12), KeChaoXinXi (Def. No. 13), Feng Tu Technology (Def. No. 14), RongFengHome (Def. No. 15), and HesenDot (Def. No. 16)***

## CERTIFICATE OF SERVICE

    I hereby certify that on December 7, 2025, a true and correct copy of the foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                                    */s/ Haipeng Xiao*
                                                    Haipeng Xiao